UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TOMMY RAY WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-1208 |
| ) | **JUDGE HAYNES** |
| CHARLES WALKER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff, Tommy Ray Warren, a prisoner in the Lois M. DeBerry Special Needs Facility in Nashville, file this *pro se* action under 42 U.S.C. § 1983 against the Defendant Charles Walker, an attorney appointed by the United States District Court to represent Plaintiff in his 2002 action under 28 U.S.C. § 2254.[1] Plaintiff sues the defendant in his individual and official capacities, but seeks only money damages. Plaintiff alleges that Walker failed to file a timely petition for a writ of *certiorari* in the United States Supreme Court after the Sixth Circuit Court of Appeals overruled the district court's ruling in Plaintiff's favor in his federal *habeas corpus* action. (Docket Entry No. 1, pp. 10-11) Plaintiff asserts that he was "denied a hearing before the Nation's Highest Court due to his (the attorney's) own negligence." (Docket Entry No. 1, p. 11).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are

---

[1] *Tommy Ray Warren v. Virginia Lewis*, No. 3:02-0228 (M.D. Tenn. Oct. 1, 2007)(Nixon, J.)(reversed in favor of the respondent on appeal).

based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

Given this Court's appointment order Plaintiff's claim against Walker arises under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390-97 (1971), not § 1983. Yet, *Bivens* applies the same analysis under 42 U.S.C. § 1983. *See Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). To state a claim for an action under § 1983, the plaintiff must allege deprivation of a right secured by the Constitution or laws of the United States caused by a person acting under color of state and federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. Id. A court appointed attorney does not act under color of law for a *Bivens* claim. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Stamper v. Bouldin*, 46 Fed. Appx. 840, 841 (6th Cir. 2002).

For these reasons, Plaintiff's complaint fails to state a claim for relief as a *Bivens* action and must be dismissed for failure to state a claim.

An appropriate Order is filed herewith.

William J. Haynes, Jr.
United States District Judge